**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-02378-REB-MJW

ERMIN KRESO, M.D.,

    Plaintiff,
v.

ERIC SHINSEKI, Secretary, United States Department of Veterans Affairs, and
THE UNITED STATES VETERANS' ADMINISTRATION,

    Defendants.

**ORDER GRANTING MOTION TO REASSIGN**

**Blackburn, J.**

This matter is before me on the **Defendants' Motion To Reassign Case To "AP" Docket and To Vacate Scheduling/Planning Conference** [#5][1] filed November 9, 2011. The plaintiff filed a response[#10], and the defendants filed a reply [#11]. I grant the motion.

The plaintiff, Ermin Kreso, M.D., formerly was an employee of the United States Department of Veterans Affairs. Under 38 U.S.C. § 7401(1), Dr. Kreso was a full time permanent employee, who was employed to work as a physician. Dr. Kreso's employment was terminated in March, 2010. In his complaint [#1], Dr. Kreso asserts two claims for relief. In Count One of his complaint [#1], Dr. Kreso seeks review of the defendants' administrative actions that led to Dr. Kreso's termination. *Complaint*, ¶¶ 41 - 46. The plaintiff seeks this review under 38 U.S.C. § 7462. *Response* [#10], p. 2. In Count Two of his complaint, the plaintiff asserts a claim for injunctive relief that is

---

[1] "[#5]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

necessarily based on his claim for review of the defendants' administrative action.

Under § 7462, "the court shall review the record and hold unlawful and set aside any agency action" found not to satisfy the standards specified in that statute. Such a claim includes claims that the administrative action was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," was obtained without procedures required by law, or was unsupported by substantial evidence. 38 U.S.C. § 7462(f)(2). In Count One of his complaint, titled "Review of the Administrative Action," Dr. Kreso alleges that a variety of actions taken by the Administrative Investigative Board (AIB), which actions culminated in Dr. Kreso's termination, and actions taken by the Disciplinary Appeals Board, which upheld the AIB's decision, were improper. *Complaint* [#1], ¶¶ 41 - 46. As part of this claim, the plaintiff alleges unlawful retaliation and violation of his right to due process of law. These allegations, as stated in the plaintiff's complaint, properly are considered as part of his § 7462 claim. Section 7462(f)(2) requires a court to set aside any agency action obtained without procedures required by law or "otherwise not in accordance with law." 38 U.S.C. § 7462(f)(2). Thus, if the plaintiff's due process rights were violated during the relevant administrative procedure, or if an administrative decision was taken based on an improper retaliatory motive, those procedures and the administrative decision are subject to review under § 7462(f)(2). Nothing in Count One of the complaint indicates that the plaintiff seeks to assert a claim for relief independent of the administrative review available under § 7462(f)(2).

Ultimately, Dr. Kreso seeks a judgment holding that the defendants failed to abide by the Veterans Administration's governing statutes and regulations in administering the procedures that led to Dr. Kreso's termination and declaring his termination to be invalid. *Complaint*, p. 14. He seeks reinstatement, an award of back pay, and an injunction

prohibiting the defendants from taking any adverse action based on the procedures that led to Dr. Kreso's termination.  *Id.*

In their motion to reassign, the defendants ask that this case be reassigned to this court's AP docket, arguing that the plaintiff asserts in his complaint a claim for review of an administrative decision.  The defendants contend that this case should be handled as an AP case because discovery, witness disclosures, and other pretrial procedures are unnecessary and inappropriate in a case involving review of an administrative decision.  Rather, under § 7462, the court must review the administrative record to determine if the defendants' administrative decision was lawful.

In his response, the plaintiff argues that his claims are not limited to review of an administrative decision.  He asserts that he also has alleged due process violations, which occurred prior to his Disciplinary Appeals Board hearing, and retaliation for his whistle blowing activities.[2]   In addition, the plaintiff notes that he requests injunctive relief, including a temporary restraining order, preliminary injunction, and permanent injunction.  Finally, the plaintiff argues that the Local Rules of Practice of the United States District Court for the District of Colorado - AP Rules do not apply to this case.  D.C.COLO.LAPR Rule 1.1.C. provides that the AP Rules apply to social security appeals, bankruptcy appeals, and cases commenced under 5 U.S.C. § 706.  D.C.COLO.LAPR Rule 1.1.C. does not mention review under § 7462(f)(2).

I conclude that this case should be handled as an AP case.  The most reasonable

---

[2]  Notably, there is some question about the types of claims Dr. Kresko can assert independent of his § 7462 claim for review of the administrative decision.  **See Franks v. Nimmo**, 796 F.2d 1230, 1240 (10th Cir. 1986) (review available to VA employee under Administrative Procedures Act bars independent claim for damages based on alleged deprivation of constitutional rights); **Mitchum v. Hurt**, 73 F.3d 30, 32 - 36 (3rd Cir. 1995) (availability of relief under 38 U.S.C. § 7462(f)(1) does not bar suit for injunctive relief, but not damages, based on alleged constitutional violation).

3

reading of the claim asserted in Count One of the plaintiff's complaint is that the plaintiff asserts a claim for review of the defendants' administrative action under § 7462. This claim is captioned "Review of the Administrative Action." *Complaint*, p. 8. Each of the improper actions alleged in Count One are subject to review under § 7462. The plaintiff's complaint cannot reasonably be read to assert a due process claim or a retaliation claim that are not part and parcel of his § 7462 claim.

D.C.COLO.LAPR Rule 1.1.C. does not include review under § 7462(f)(2), but review under that statute is substantially similar to an appeal of an administrative decision under 5 U.S.C. § 706, part of the Administrative Procedures Act (APA). Notably, the standards specified in § 7462(f)(2) are similar to, although not identical to, the standards for review of an administrative decision under 5 U.S.C. § 706. More important, the procedures necessary to resolve the plaintiff's § 7462 claim are essentially the same as the procedures necessary to resolve a claim under the APA.

Further, as the defendants note, the text of D.C.COLO.LAPR Rule 10.2.C. indicates that Dr. Kreso's case properly is treated as an AP case. Rule 10.2.C. provides:

> Review of an order, decision, rulemaking, or other final action of an administrative agency pursuant to an agency's establishing statute or the Administrative Procedure Act is commenced by filing a properly denominated complaint or petition for relief as specified by the statute under which relief is requested. The complaint or petition for relief shall include factual allegations relating to the grounds on which the agency action is being challenged and the legal basis for plaintiff/petitioner's entitlement to relief.

In his complaint, Dr. Kreso seeks review of a decision of the Department of Veteran's Affairs under the statutory scheme establishing the Veterans Health Administration and regulating personnel procedures of the Veterans Health Administration. 38 U.S.C. §§ 7301 - 7464. Dr. Kreso's complaint falls within the class of cases described in

D.C.COLO.LAPR Rule 10.2.C.

The fact that Dr. Kreso seeks injunctive relief does not alter the status of this case. Dr. Kreso seeks injunctive relief based on the alleged violation of his "due process rights and the procedurally flawed hearing . . . ." *Complaint*, ¶ 48. These contentions are part of his claim seeking review under § 7462(f)(2). He contends that if his termination is reported to certain committees and data banks, he will be irreparably harmed even if he "ultimately prevails and obtains a determination that he should never have been terminated from the Denver Veterans Administration Medical Center." *Complaint*, ¶ 50. Dr. Kreso's claim for injunctive relief necessarily is based on his underlying § 7462 claim. His claim for injunctive relief does not transform this AP case into a non-AP case..

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants' Motion To Reassign Case To "AP" Docket and To Vacate Scheduling/Planning Conference** [#5] filed November 9, 2011, is **GRANTED**;

2. That under D.C.COLO.LCivR 40.1.D., this case **SHALL BE REASSIGNED** to the district judge designated by the Chief Judge for pre-merits management in accordance with Section III of the Local Rules of Practice of the United States District Court for the District of Colorado - AR Rules; and

3. That the **Order of Reference To United States Magistrate Judge** [#2] filed September 12, 2011, is **VACATED**.

Dated December 21, 2011, at Denver, Colorado.

                                                         **BY THE COURT:**

*[signature: Bob Blackburn]*
Robert E. Blackburn
United States District Judge