IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Case No.:  11-cv-02378-AP

ERMIN KRESO, M.D.,
         Plaintiff

v.

ERIC SHINSEKI, Secretary, United States Department Of Veterans Affairs, and the UNITED STATES VETERANS' ADMINISTRATION,
         Defendants.

## PLAINTIFF DR. KRESO'S MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND TO ORGANIZE THE ADMINISTRATIVE RECORD TO ALLOW FOR ADEQUATE REVIEW

Plaintiff, Ermin Kreso, M.D., by and through his attorneys, Rosemary Orsini and Ellen Elizabeth Stewart, Berenbaum Weinshienk P.C., pursuant to 38 U.S.C. § 7462(f)(1) , moves this Court to compel Defendants to complete the administrative record in this case and to organize the administrative record to allow for adequate review as set forth below:

**Certification**:  Pursuant to D.C. Colo. LCivR 7.1(A), undersigned counsel conferred with counsel for the Defendants, Susan Prose, regarding the relief requested in this Motion.  Defendants oppose in part and agree in part to the relief requested in this Motion.

### ARGUMENT

The Court reviews the decision of the Disciplinary Appeals Board (hereinafter "DAB") to determine if it was "arbitrary, capricious, an abuse of discretion, obtained without procedures required by law, rule, or regulation having been followed or unsupported by substantial

1

evidence." 38 U.S.C. § 7462(f)(1) The primary focus for judicial review of an administrative decision is the administrative record. *McDonnell Douglas Corp. v. U.S. EEOC,* 922 F. Supp. 235, 242 (E.D. MO. 1996)  (District Court can also consider additional evidence and testimony which helps explain the administrative record).

In order to conduct proper judicial review, the Court should have the full administrative record before it. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971), overruled on other grounds by Califiano v. Sanders, 430 U.S. 99 (1977).  5 U.S.C. §706.    The district court must have before it the "whole record" on which the agency acted. *Bar MK Ranches v. Yuetter,* 994 F.2d 735, 739 (10th Cir. 1993).  The "whole record" concept requires that a court should consider evidence on both sides, including that which detracts from the support for the agency's conclusions. *See Bar MK Ranches v. Yuetter at 739.*  If the record is not complete, then the requirement that the agency decision be supported by "the record" becomes almost meaningless. *Portland Audbon Soc'y v. Endangered Species Comm.,* 984 F.2d 1534, 1548 (9th Circ. 1993) ("An incomplete record must be viewed as a "fictional account of the actual decision making process).

In addition, the record must be put together in an organized manner suitable for review by the court. *Sac and Fox Tribe of Indians of Oklahoma v.  Andrus,* 645 F.2d 858, 861 (10th Cir. 1981).

### A. The Administrative Record Should Be Supplemented with the Documents Submitted with Dr. Kreso's September 29, 2010 Correspondence to the Disciplinary Appeals Board.

The record in this case consists of the evidence and testimony reviewed by the Administrative Investigative Board ("AIB") as well as the documents and testimony reviewed by the Disciplinary Appeals Board. Dr. Kreso submitted his additional exhibits to the Board with his September 29, 2010 correspondence which listed the witnesses Dr. Kreso intended to call during the hearing, his objections to the Agency's recently produced exhibits as well as Dr. Kreso's list of exhibits. In addition to the exhibits provided during the AIB proceeding, and all responses and exhibits to the charges and the appeals, Dr. Kreso listed eleven (11) additional documents that he may use as exhibits.

Although the record contains the parties' pre-hearing submissions, and includes Dr. Kreso's September 29, 2010 correspondence, the record does not contain six (6) of the eleven (11) documents Dr. Kreso referenced and attached to his correspondence. *See Administrative Record filed by Defendants, pgs. D000880-D001028; Dr. Kreso's September 29, 2010 correspondence, pgs. D00919 – D00925. See also Exhibit "A"consisting of the six (6) attached documents to Dr. Kreso's correspondence which were not included in the administrative record.*

Defendants object to including the documents given to the DAB by Dr. Kreso with his September 29, 2010 correspondence because those documents were not admitted in the Hearing. Defendants' argument fails because all of the parties' pre-hearing submissions are in the record including one of Defendants' exhibits even thought it was not admitted in the Hearing. *See*

*Administrative Record filed by Defendants, pg.D001064 and pg. D000011 (no ruling on admission of witness statement of Judy Cooley).*

There is no legal rationale for not including Dr. Kreso's documents which were produced to the DAB and opposing counsel.  These omitted documents provide supporting evidence that the treatment provided to the patients who are the subject of the charges against Dr. Kreso received appropriate treatment.

      **B.**      **The Administrative Record Should Be Supplemented With the Missing Pages of Testimony Before the AIB.**

Counsel for Dr. Kreso noted missing pages of testimony before the AIB during conferrals with counsel for the Defendants.[1]   Defendants' counsel agrees the missing pages should be added to the record.   The parties agreed that Dr. Kreso would include his request that the record be supplemented to include the missing pages since the Defendants have not yet corrected the record  to include the missing pages.

Counsel for Defendants authorized Dr. Kreso to inform the Court that Defendants will supplement the record with these missing pages after the Court rules on Dr. Kreso's Motion.[2].

---

[1] Sylvia Murray – page 23 (D001533); Neil Weston – pages 6, 7 and 9 (D001543); Patricia Hughes – page 18 (D001839); Mark Phillips – page 7 (D001893); Sylvia Murray – page 2 (D001937); Sylvia Murray – page 23 (D001533); Neil Weston – pages 6, 7 and 9 (D001543); Patricia Hughes – page 18 (D001839); Mark Phillips – page 7 (D001893); Sylvia Murray – page 2 (D001937).

[2] In addition, Defendants' counsel agreed to redact patients' names that were inadvertently left unredacted when Defendants produced the record

### C. The Administrative Record is Disorganized and Does Not Accurately Reflect the Record Before the DAB.

Defendants produced a disorganized administrative record which contains multiples of the same exhibits and is unsuitable for review. During the DAB Hearing, exhibits were marked as Tab 1 through Tab 70. However, the exhibits in the record are not marked with the same exhibit numbers used during the hearing and are not produced in an orderly fashion to allow this Court to easily identify which exhibits were introduced in the hearing. For example, the first of the Hearing exhibits are not produced until after the Pre-Hearing Submissions, ranging between 150 pages and 1000 pages after the witness' testimony. In addition, this group of exhibits consists of only 14 of the exhibits and they are listed in the index under Disciplinary Appeals Board Management Exhibit List.

More of the exhibits introduced in the Hearing are produced 300 pages later and are listed in the index under Evidence File, Discharge of Ermin Kreso, M.D. Volume 1 of 2. Volume 1 of Dr. Kreso's Evidence File starts at page 1108 and the first 100 pages of documents are not identified in the index.

A careful review of the record is made more difficult because there are no less than four different indexes in the record with no matching documents. For example, there are three different Tab 1 and none of them correspond to the Tab 1 documents introduced at the hearing. *Compare pg. D000884 (Agency's Closing Arguments to pg. D001108 (Dr. Kreso's Reply) to pg. D353 (Emergency Room Committee Memo).*

The record is not produced in the same manner in which it would have been kept by the DAB and the documents are not in the same order in which the DAB received the documents. Whether intentional or not, the disorganization of the record, also obscures the timing of when

Dr. Kreso received documents to prepare for his defense.  For example, some of the documents in the record were never produced to Dr. Kreso, while other documents, such as the Decision of the AIB was not produced until a week before the DAB Hearing even though it was published on July 31, 2011.

Dr. Kreso respectfully requests this Court to compel the Defendants to complete the administrative record with (1) Dr. Kreso's Attachments to his September 29, 2010 Correspondence to the Disciplinary Appeals Board attached to this Motion as Exhibit "A" (2) the missing pages of AIB testimony as set forth in Footnote #1; (3) to produce an organized and orderly record which accurately identifies the documents reviewed by the DAB during the hearing.

Respectfully submitted this 30th day of April 2012.

BERENBAUM WEINSHIENK PC

*Original signature on file at*
*Berenbaum Weinshienk PC*
 S/ *Rosemary Orsini*
Rosemary Orsini
370 Seventeenth Street, Suite 4800
Denver, Colorado 80202
Telephone: (303) 592-8305
Facsimile: (303) 629-7610

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2012, a true and correct copy of the foregoing **PLAINTIFF DR. KRESO'S MOTION TO COMPEL COMPLETION OF THE ADMINISTRATIVE RECORD AND TO ORGANIZE THE ADMINISTRATIVE RECORD FOR ADEQUATE REVIEW** was served via e-mail transmission upon the following counsel of record:

Susan Prose
Assistant United States Attorney
U.S. Attorney's Office for the District of Colorado
1225 17th Street, Suite 700
Denver, CO  80202
susan.prose@usdoj.gov

*Original document on file at Berenbaum Weinshienk PC*

*S/Pamela Burkhardt*
Pamela Burkhardt